UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STEPHEN THOMAS YELVERTON, ] | |
| ] | |
| Plaintiff, ] | |
| ] | |
| v. ] | Civil Action No. 15-522-TSC |
| ] | |
| KIRK CALLAN SMITH, ] | |
| ] | |
| Defendant. ] | |

## MOTION TO DISMISS AMENDED COMPLAINT

TO THE HONORABLE TANYA S. CHUTKAN, DISTRICT JUDGE:

COMES NOW Kirk Callan Smith, defendant ("Smith"), by and through his undersigned attorneys, and as his Motion to Dismiss Amended Complaint ("Motion"), respectfully represents as follows:

1. The Complaint filed in this Civil Action was filed on or about April 14, 2015 (Docket #1).

2. An amended complaint was purportedly filed by the Plaintiff on or about July 25, 2016, although it does not (yet) appear to have been entered on the Docket of this Civil Action.

3. The amended complaint must be dismissed because its filing violates that certain pre-filing injunction ("Pre-Riling Injunction") issued and entered by this Court in Civil Action 1:13-cv-1544 ("Case No. 13-1544").

4.  In Case No. 13-1544, this Court, on August 6, 2014, ordered that the Plaintiff "shall seek leave of this Court before filing any new civil action in this Court by filing a separate motion for leave to file, not to exceed three pages…."

5. On or about April 9, 2015, the Plaintiff filed a motion seeking leave to commence a new civil action.  That civil action was described by the Plaintiff as an action only against Smith, and arising solely out of Smith's alleged involvement in "for him acting in concert with Office of Bar Counsel to "retaliate" against Yelverton…" *Motion*, Case No. 13-1544, Docket No. 35, April 9, 2015.

6.  The Plaintiff subsequently was granted leave to file such an action, but only such an action as was described therein.  Thereafter, the Plaintiff commenced the instant Civil Action by the filing of the original complaint herein, which original complaint alleged liability against only Smith.

7.  By his filing an amended complaint (the Plaintiff appears to assert that he has a virtual absolute right to amend his complaint, and that the amended complaint thus becomes the sole "operative" pleading, obviating and superseding the original complaint filed herein), the Plaintiff has violated the Pre-Filing Injunction by, among other things, naming as a defendant Hamilton P. Fox, III, of the Office of Bar Counsel, in his official capacity, as a named defendant.  The Plaintiff has no authority to bring an action against any other party besides Smith.  The amendment of the original complaint herein, to add as a defendant any other party, is a clear violation of the Pre-Filing Injunction.  This Civil Action, as reflected in the newly-filed "operative" amended complaint, is not a permitted act of the Plaintiff.

8. Moreover, the grant of authority to the Plaintiff to bring the instant case appears to have been predicated, particularly, on the fact that Smith had not been sued by the Plaintiff before, although this Court noted that the Office of Bar Counsel had been, unsuccessfully.  The fact that the Plaintiff was not proposing to sue the Office of Bar Counsel was clearly a factor in allowing the Plaintiff to bring the original complaint in this Civil Action.  His amendment to add the Office of Bar Counsel is a clear and definite violation of the Pre-Filing Injunction.[1]

9. Further still, it appears that the request for leave to bring the original action herein was based on the representation by the Plaintiff that the civil action was derived from actions taken by Smith in concert with the Office of Bar Counsel.  It would appear that the amended version of the claims constituting this Civil Action are substantively different than those set forth in the original complaint, and beyond those authorized by this Court when it permitted the Plaintiff to bring the original action herein.

10. Accordingly, it appears that this Civil Action, based, as it is now, on the "operative" document being the amended complaint herein, is a direct violation of the Pre-Filing Injunction, was filed without the required notice to and permission of this Court, and exceeds the limited, specific authority granted to the Plaintiff by this Court in the first instance.  It must, therefore, be terminated immediately.

11. Smith reserves to himself any further or additional grounds that he might have for dismissal or other disposition of the amended complaint ostensibly filed herein, other than the limited grounds set forth in this Motion with respect to the Plaintiff's clear violation of the Pre-Filing Injunction issued in Case No. 13-1544.

---

[1] If and to what extent this Court chooses to take further action against the Plaintiff for his patent violation of the Pre-Filing Injunction is a matter to be considered separately from the instant Motion.

WHEREFORE, Smith respectfully requests that the Court enter an Order:

1. Granting this Motion;

2. Dismissing this Civil Action; and

3. Granting to Smith such other and further relief as is just and proper.

Dated:  August 29, 2016                         Respectfully submitted,


 */S/ Jeffrey M. Sherman*
Jeffrey M. Sherman, DC Bar 348896
LAW OFFICES OF JEFFREY M. SHERMAN
1600 N. Oak Street, Suite 1826
Arlington, VA 22209
(703) 855-7394
jeffreymsherman@gmail.com
Attorneys for Smith, Defendant

## CERTIFICATE OF SERVICE

       I hereby certify that a copy of the foregoing, along with a proposed form of order, was served on August 29, 2016, by facsimile transmission (per the docket entry stating the facsimile transmission number), on the following parties:

Stephen Thomas Yelverton  
3033 Wilson Boulevard  
Suite E-117  
Arlington,, VA 22201  
Fax: (202) 403-3801

                                     */S/ Jeffrey M. Sherman*  
                                     Jeffrey M. Sherman