**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **IN RE: STEPHEN THOMAS YELVERTON PRE-FILING INJUNCTION** | Case No. 1:16-mc-00772 (CRC) |

## ORDER

Mr. Yelverton has filed a [8] Notice of Voluntary Dismissal, purportedly under Fed. R. Civ. P. 41(a)(1)(A)(i), seeking to voluntarily dismiss the above case.  However, the Notice is clearly improper and must be vacated.  As indicated in the [2] Order Denying Motion for Leave to Appeal, Footnote 1: "The Court has opened this case number to handle this and future motions for leave to file pursuant to the pre-filing injunction issued in case number 1:13-cv-1544.  Mr. Yelverton is directed to file any future motions for leave under this caption and case number."  Consequently, Mr. Yelverton is not a "Plaintiff" with respect to this case number, nor is there a relevant "opposing party," and the voluntary dismissal rule as outlined in Fed. R. Civ. P. 41(a)(1)(A)(i) is inapplicable.  In short, Mr. Yelverton lacks authority to dismiss this case.

Furthermore, in light of the opinion issued in United States ex el. Yelverton v. Fed. Ins. Co., No. 15-7045 (D.C. Cir. Aug. 5, 2016), the Court vacates in part the [2] Order Denying Leave to Appeal two decisions arising out of Yelverton's bankruptcy case before the United States Bankruptcy Court for the District of Columbia, Bankruptcy No. 09-00414.  The Court will instead grant Yelverton's [1] Motion for Leave to Appeal, and reach the merits of his claim.*

---

* The Court reaches the merits of this appeal only out of an abundance of caution.  While it may not have been crystal clear to Mr. Yelverton that the Court's pre-filing injunction encompassed appeals from the Bankruptcy Court, the Court has—since the filing of this appeal—amended the pre-filing injunction to make that plain.  See Order, In re: Yelverton, Case No. 1:13-cv-01544, ECF No. 38 (Sep. 9, 2016).  The Court will resolve the appeal itself, rather

Yelverton appeals (1) the Order Denying Motion for Leave to File New Adversary

Proceeding, ECF No. 959, and (2) the Order Denying Motion for Reconsideration of Order

Denying Motion for Leave to File New Adversary Proceeding, ECF No. 970.  The Court

previously concluded that, because Yelverton's "argument [on appeal] merely reiterates the

clearly frivolous arguments already rejected in two decisions by the Bankruptcy Court,

Yelverton has not set forth a colorable basis for his motion to appeal those decisions, as required

by this Court's pre-filing injunction."

Proceeding to the merits of Yelverton's appeal, the Court now—for similar reasons—

affirms the decisions of the Bankruptcy Court.  In the relevant appealed decisions, the

Bankruptcy Court rejected Yelverton's motion for leave to file a complaint against Kirk Callan

Smith and Hamilton P. Fox, III, Assistant Bar Counsel in the Office of Bar Counsel of the

District of Columbia Court of Appeals.  The proposed complaint alleged that Smith and Fox, by

pursuing a disciplinary proceeding against him that resulted in his temporary suspension from

the practice of law in the District of Columbia, violated 11 U.S.C. § 362(a)'s guarantee of an

automatic stay of actions commenced or continued against debtors who have filed for chapter 11

bankruptcy.  The Bankruptcy Court reasoned that the "proceeding plainly fit within the exception

to the automatic stay contained in 11 U.S.C. § 362(b)(4) for a proceeding by a governmental unit

to enforce that entity's police or regulatory power" because, even though Smith had submitted a

complaint against Yelverton to the Office of Bar Counsel that led to the disciplinary proceeding,

the "proceeding was brought and prosecuted by the Office of Bar Counsel, not by Smith, and

thus was a proceeding by a governmental unit."  Mem. Decision re Mot. Reconsideration Order

than directing the Clerk's office to reassign it randomly, because the subject matter is related to
Yelverton v. Smith, Case No. 1:15-cv-00552.

Denying Mot. Leave File New Adversary Proceeding 2, In re Yelverton, Bankruptcy No. 09-00414, ECF No. 969.

Clearly, the Office of Bar Counsel of the District of Columbia Court of Appeals is a "governmental unit" falling within the relevant exception to the automatic stay. See 11 U.S.C. § 362(b)(4). The Court will therefore affirm the decisions of the Bankruptcy Court.

Accordingly, it is hereby

**ORDERED** that the [2] Order Denying Leave to Appeal be VACATED IN PART, and that the [1] Motion for Leave to Appeal be GRANTED.

**ORDERED** that the (1) Order Denying Motion for Leave to File New Adversary Proceeding, ECF No. 959, and (2) the Order Denying Motion for Reconsideration of Order Denying Motion for Leave to File New Adversary Proceeding, ECF No. 970, in Bankruptcy No. 09-00414, be AFFIRMED.

**ORDERED** that the [8] Notice of Voluntary Dismissal is VACATED. Mr. Yelverton is directed to continue to file motions for leave to file pursuant to the Court's pre-filing injunction under this case number and caption. Any attempt to avoid or circumvent the requirements of the Court's pre-filing injunction will be subject to sanctions. Should a motion for leave to file be granted, the Clerk's Office will establish a new civil action number for that matter.

CHRISTOPHER R. COOPER
United States District Judge

Date:   September 20, 2016