UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STEPHEN THOMAS YELVERTON,  ]<br>   ]<br>Plaintiff,  ]<br>   ]<br>v.   ]<br>   ]<br>KIRK CALLAN SMITH,  ]<br>   ]<br>Defendant.  ]<br>   ] | Civil Action No. 15-552-TSC |

## THIRD MOTION TO DISMISS

TO THE HONORABLE CHRISTOPHER R. COOPER, DISTRICT JUDGE:

COMES NOW Kirk Callan Smith, defendant ("Smith"), by and through his undersigned attorneys, and as his Third Motion[1] to Dismiss ("Motion"), respectfully represents as follows:

1. The Original complaint filed in this case ("Civil Action") was filed on or about April 14, 2015 (Docket #1). Without belaboring the procedural history of the matter, there is now pending an Amended Complaint, deemed filed as of July 25, 2016 ("Amended Complaint"), portions of which have been stricken by this Court (see Docket #29). It is difficult to determine with any certainty what in substance remains after the Court struck portions of the Amended Complaint, but Smith shall respond hereby to the best of his ability, reserving all rights to

---

[1] For the sake of simplicity and ease of reference, this Motion combines the moving papers and memorandum of points and authorities in support thereof.

1

supplement or otherwise modify this response in light of further clarifications or amendments of the extant orders of this Court in this regard.

    3.  The Amended Complaint must be dismissed for several reasons, including the failure to state a claim, and other grounds, as set forth herein.

    4.  In the Amended Complaint, the sole and entire "Demand for Relief" states as follows:

> Plaintiff Yelverton incorporates the Allegations of Fact in paragraphs. l-8, 20-22, and 24-45, and the controlling law, at pp. 1-10, and 15-18, and particularly the law as to conspiracy and lack of Immunity under 42 U.S.C. 1983, and demands relief for the claims against him that arose on April 28, 2009, and were pursued in Bar Docket No. 2010-D128, by being found in violation of 11 U.S.C. 362 (a)(I), as claims to ultimately obtain financial damages against Yelverton, which are in contravention of 11 U.S.C. 362 (b)(4), and that Bar Docket No. 201O-D128 be found VOID *ab initio*. and further that the actions of Smith, Fox, and the Office of Disciplinary Counsel against Debtor Yelverton after May 14, 2009, be found in violation of the Automatic Stay, under 11 U.S.C. 362 (a)(l), and that by conspiracy under 42 U.S.C. 1983, they be found jointly and severally liable for at least $150,000, in monetary damages in substantially interfering with Debtor's Yelverton' s Reorganization and his "fresh start" from Bankruptcy.

*Amended Complaint*, p. 22.  Based on the Court having struck all portions of the Amended Complaint relating to the automatic stay under 11 U.S.C. §362, it appears, though it is far from clear, that the only remaining claim in this Civil Action, is the single assertion that Smith is liable "by conspiracy under 42 U.S.C. 1983…."  However, that liability is predicated on the actions of Smith in connection with nothing other than the Chapter 11 case filed and prosecuted unsuccessfully by the Plaintiff.  The request for relief in the Amended Complaint identifies the basis for Smith's supposed liability, asking that "under 42 U.S.C. 1983, they [Smith and others] be found jointly and severally liable for at least $150,000, in monetary damages in substantially interfering with Debtor's Yelverton 's Reorganization and his "fresh start" from Bankruptcy…."

2

*Amended Complaint*, p. 22.  However, compared to this Demand for Relief, and based on the "preamble" in the Amended Complaint, it appears that the Amended Complaint was filed for a singular, different and very particular purposes only:

> The purpose of this Amendment of Right is to add an [sic] necessary party, to add alternative claims, and to plead with clarity that the claims are alleged against Defendant Smith, a private actor for acting in concert with Fox, a state actor with the Office of Disciplinary Counsel, to foment Rebecca Landrith in April-May 2012, and afterwards, to pursue an unfounded criminal complaint with the MPD against Plaintiff Yelverton for alleged "E-mail stalking" of Landrith, and where Defendant Smith did so to "retaliate" against Plaintiff Yelverton for having previously assisted Landrith in filing ethics Complaints with the Office of Disciplinary Counsel against Defendant Smith in 2009-2010. These allegations of "retaliation" by Defendant Smith against Plaintiff Yelverton are based upon the Affidavit of Landrith, executed June 8, 2012.

*Amended Complaint*, p. 2.  This recitation is at odds with the language used in the request for relief in the Amended Complaint (page 22), which states that relief is based on interference with the Plaintiff's aborted bankruptcy case and "fresh start."  Accordingly, Smith is left unsure of exactly what claim the Plaintiff is actually prosecuting here, and under what theory, given the portions of the Amended Complaint that have been stricken, and the contradiction between the Plaintiff's statement of purpose and the Demand for Relief.

     5.  Because it appears that the claim herein is for a conspiracy, of which Smith was allegedly a party, to get a witness to ask the District of Columbia to commence a criminal investigation and prosecution of the Plaintiff (for "email stalking"), the liability which the Plaintiff seems to be seeking to attach to Smith derives from the District of Columbia's decision to investigate the Plaintiff, bring charges, try him, and fail to conclude a successful criminal prosecution of the Plaintiff (certainly, if the criminal case resulted in a conviction of the Plaintiff,

the alleged actions of Smith, et al., would thus have resulted in actual relief obtained, thus negating the alleged impropriety of the "conspirators'" acts underlying the Plaintiff's theory). This, allegedly, constitutes a violation *by Smith* for which relief under 42 U.S.C. §1983 is the remedy. However, relief under that statute is unavailable to the Plaintiff for any of a variety of reasons, particularly, but not exclusively, because of immunities Smith enjoys in connection with §1983.[2]

6. Assuming this is so, Smith suggests that the analysis begin with the decision of the District of Columbia ("Prosecutor") to investigate, charge and prosecute the Plaintiff in the first instance. It must be noted that the Amended Complaint makes no allegations concerning the actions of the Prosecutor, i.e., that the Prosecutor committed any act outside the routine, normal and expected scope of presenting facts to a trier of fact. In that context, when a prosecutor acts in its role as an advocate (i.e., "advocative" functionality) and thus performs its duties "within the scope of his duties in initiating and pursuing a criminal prosecution," *Imbler v. Pachtman*, 424 U. S. 409, 410 (1976), he is absolutely immune from suit. "Advocative" activities include filing criminal charges, *Imbler v. Pachtman*; *Pinaud v. County of Suffolk*, 52 F.3d 1139 (2d Cir. 1995), even when done in bad faith. *Shmueli v. New York*, No. 03-0287 (2d Cir. Sept. 15, 2005).

7. In the instant case, Smith is essentially being pursued because of his alleged role as a "complaining witness" – or, because the allegation here is that the criminal action was commenced by the action of *Landrith*, who Smith "fomented" into making a complaint, as a *derivative* or second-degree "complaining witness" at best (if there is such a thing in the first

---

[2] The Supreme Court has held that §1983 suits are subject to the defensive immunities available at common law. *Burns v. Reed*, 500 U.S. 478, 484 (1991); *Malley v. Briggs*, 475 U.S. 335, 339-40 (1986).

place, which the Plaintiff has not documents) -- seeking to have the Prosecutor commence an investigation and prosecution of the Plaintiff.  Recalling that Smith has been sued in his individual capacity and in his role as an agent of the District of Columbia in connection with the actions of the Office of Bar Counsel, in an "official capacity," it must be noted that complaining witnesses who are government officials, however, enjoy immunity as well.[3]  As the United States Supreme Court noted in *Rehberg v. Paulk*, 132 S.Ct. 1497 (2012):

> [I[t is almost always a prosecutor who is responsible for the decision to present a case to a grand jury, and in many jurisdictions, even if an indictment is handed up, a prosecution cannot proceed unless the prosecutor signs the indictment….
>
> It would thus be anomalous to permit a police officer who testifies before a grand jury to be sued for maliciously procuring an unjust prosecution when it is the prosecutor, who is shielded by absolute immunity, who is actually responsible for the decision to prosecute.  See Albright *v. Oliver*, 510 U.S. 266, 279, n. 5 (1994) (GINSBURG, J., concurring) (the prosecutor is the "principal player in carrying out a prosecution").

The decision in *Rehberg* applies to Smith in this Civil Action because Smith is alleged to be acting *"*in his Individual Capacity and in his Official Capacity for the Office of Disciplinary Counsel for the District of Columbia…."  Accordingly, to the extent that Smith was acting in an "official capacity for the District of Columbia," he is immune from liability under 42 U.S.C. §1983 under *Rehberg*.

---

[3]  There is a difference between the immunity of a complaining witness procuring prosecution and one serving as a testimonial witness.  "The common law made a subtle but crucial distinction between two categories of witnesses with respect to their immunity for false testimony. Those whose role was limited to providing testimony enjoyed immunity; those who played a role in initiating a prosecution-- complaining witnesses--did not enjoy immunity." White v. Frank, 855 F.2d 956, 958-59 (2d Cir. 1988). The allegations here appear to be limited to the derivative role of Smith as an initiating, non-testimonial complaining witness for the benefit of the District of Columbia.

8. The immunity accorded to Smith as a government official acting as a non-testimonial complaining witness was discussed in *Gray v. Poole*, 275 F.3d 1113 (D.C. Cir. 2002), in which the United States Court of Appeals for the District of Columbia Circuit determined that immunity applied to insulate from liability under 42 U.S.C. §1983 a government social worker (Poole) whose information formed the basis of a criminal child neglect case against the complainant.  The Court of Appeals noted that *Kalina v. Fletcher*, 522 U.S. 118, 118 S.Ct. 502, 139 L.Ed.2d 471 (1997), would only grant Poole qualified immunity ("... Kalina confirms that officials who serve as complaining witnesses receive qualified, not absolute, immunity…."). Qualified immunity requires an inquiry into (1) whether the plaintiff has demonstrated the violation of a constitutionally-protected right and (2) "whether the right is so 'clearly established' that a reasonable official would understand that what he is doing violates that right." *Brennan v. Township of Northville*, 78 F.3d 1152, 1154 (6th Cir. 1996).  In the present case, the Plaintiff has failed to identify what constitutionally-protected right has been violated, and has also failed to allege that the actions of Smith, in allegedly "fomenting" the request of Landrith to the District of Columbia for it to commence a criminal investigation and prosecution of the Plaintiff, were unreasonable in the context of the constitutionally-protected right of the Plaintiff.  Inasmuch as the Plaintiff has articulated no constitutionally-protected right violated under these facts, and has failed to allege that the secondary and once-removed actions of Smith, assuming they are true, were unreasonable in the context of whatever right supposedly was violated, the Amended Complaint fails to overcome the *prima facie* defense of immunity which Smith enjoys as a government official acting as a complaining witness.  The Plaintiff's reliance on *Singletary v. District of Columbia*, 685 F.Supp.2d. 81 (D.D.C. 2010), is misplaced.  Indeed, based on that

opinion, Smith should be exonerated, inasmuch as the opinion reinforces the immunity given to Smith – individually -- as an alleged government official/"state actor" in the context of §1983 liability. The Court said that:

> the Supreme Court has made "it quite clear that, **unlike various government officials**, municipalities do not enjoy immunity from suit — either absolute or qualified — under § 1983." *Leatherman v. Tarrant Co. Narcotics Intelligence Coordination Unit*, 507 U.S. 163, 166 (1993) (citing *Monell v. Dep't of Social Servs. of City of New York*, 436 U.S. 658, 691 (1978) and *Owen v. City of Independence*, 445 U.S. 622, 650 (1980)); see also *Haynesworth v. Miller*, 820 F.2d 1245, 1254 (D.C. Cir. 1987) ("For the purposes of affixing liability on a municipality, it is irrelevant that **the decisionmaker enjoys personal immunity for the behavior under attack.**"), abrogated in part on other grounds by *Hartman v. Moore*, 547 U.S. 250 (2006); *Lederman v. United States*, Civ. Act. No. 99-3359, 2007 WL 1114137, *4 (D.D.C. Apr. 3, 2007) (rejecting District's argument that "the same prosecutorial immunity . . . that **protects prosecutors from individual liability** extends to immunize the District" as "directly contraven[ing] the express rule that a municipal corporation does not, by extension, enjoy the benefit of **the personal immunities defenses of its officials and employees**").

*Singletary*, at 88-89 (emphasis added). Thus, Smith enjoys un-assailed immunity in his capacity as a government official, putatively if not actually.

9.  Further, on the other hand, because actions under 42 U.S.C. §1983 require that the actors act under color of state law, Smith cannot be liable in his capacity as a *private* citizen thereunder. Indeed, "[o]nly in rare circumstances can a private party be viewed as a 'state actor' for section 1983 purposes." *Rayburn v. Hogue*, 241 F.3d 1341, 1347 (11th Cir. 2001). Purely private acts, no matter how wrongful, cannot provide a basis for liability under §1983. *Focus On the Family v. Pinellas Suncoast Transit Auth.*, 344 F.3d 1263, 1276-77 (11th Cir. 2003). "Like the state-action requirement of the Fourteenth Amendment, the under-color-of-state-law element

7

of §1983 excludes from its reach 'merely private conduct, no matter how discriminatory or wrongful.'" *American Manufacturers Mutual Insurance Company v. Sullivan*, 526 U.S. 40, 50 (1999); *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982)("the party charged with the deprivation [of a Constitutionally-protected right] must be a person who may fairly be said to be a state actor"); see also *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 156 (1978).

10. Consequently, either Smith was acting as a purely private citizen, and is thus not a proper defendant in the [apparently] remaining claim in this Civil Action under 42 U.S.C. §1983, or he was acting in an "official capacity" for the District of Columbia and thus – given the content of the Amended Complaint after removing the portions struck by this Court -- is immune as a governmental official (acting as a complaining witness or otherwise).[4] The immunity accorded to someone in the position of Smith vis-à-vis the functions of the Office of Bar Counsel was discussed in substance in the first motion to dismiss this civil action (Docket #13; July 14, 2016). That motion was arguably superseded by the filing of the instant Amended Complaint; thus, the arguments made with respect to Smith's immunity from prosecution have not yet been, but need to be, adjudicated. Accordingly, Smith incorporates by reference the entirety of said prior motion to dismiss this Civil Action.

11. In addition, the Plaintiff himself has exonerated Smith from any liability relating to the complaints filed with and prosecuted by the Office of Bar Counsel. In the Amended Complaint, the Plaintiff, with emphasis, states affirmatively that he is not pursuing any claim against Smith arising from the bar complaints, but only those relating to the fomenting of a

---

[4] Generally, if a complaint specifically alleges a capacity, that designation controls. *Amos v. Maryland Dep't of Pub. Safety & Correctional Servs.*, 126 F.3d 589 (4th Cir. 1997), vacated on other grounds, 524 U.S. 935 (1998).

criminal investigation and prosecution. Having specifically and explicitly exonerated Smith from liability for the actions taken by the Office of Bar Counsel (saying that the actions against the Plaintiff were of the Office of Bar Counsel's own making, and not that of Smith), and there being no argument urged in the Amended Complaint regarding the matter to which the Demand for Relief relates – i.e., the criminal investigation (note that the introductory and explanatory paragraph from the Plaintiff states that his relief is sought with respect to Smith's alleged interference with the Plaintiff's bankruptcy case only), there are no actions that remain against Smith for anything having to do with the bar complaints, their initiation, or their prosecution. As seen below, because the only "evidence" offered in the context of the Amended Complaint relates to the actions of Smith *with regard to bar complaints*, and neither bankruptcy interference nor fomenting criminal prosecution, the identified source-point of liability being attributed to Smith (i.e., the affidavit of Rebecca Landrith) in fact supports dismissal of the Amended Complaint (inasmuch as she only identifies conduct of Smith related to a course of proceedings which the Plaintiff himself has explicitly disavowed as a basis for liability to be assessed against Smith).

12. Further still, based on the language used in the Plaintiff's explanatory preamble in the Amended Complaint, it appears that the sole basis for the claim(s) remaining in this Civil Action is the "affidavit" of Rebecca Landrith ("Landrith Affidavit"). A copy of the Landrith Affidavit is filed herewith.[5] It also appears as an Exhibit (4) to the pleading filed by the Plaintiff

---

[5] If and to the extent that the inclusion of the Landrith Affidavit necessitates the consideration of the instant Motion under Fed. R. Civ. P. 56, as a motion seeking dismissal by way of summary judgment in favor of Smith, then Smith hereby amends his prayer for relief to request the entry of summary judgment in his favor.

in Civil Action No. 13-cv-00314, Docket #6 (May 13, 2013), before this Court.[6] The Landrith Affidavit makes clear that Smith cannot be held liable in this case, on the basis of the facts asserted and law controlling. The Landrith Affidavit discussed substantially the conduct of Hamilton Fox of the Office of Bar Counsel (referred to as "Mr. Fox" therein). The only allegation made in the Landrith Affidavit concerning Smith is that Smith and Mr. Fox had encouraged her to file complaints with the DC Bar against the Plaintiff. Nothing in the Landrith Affidavit supports the allegations made elsewhere throughout the Amended Complaint that Smith retaliated against the Plaintiff by fomenting a criminal investigation of him by the District of Columbia. No reasonable construction of the Landrith Affidavit would lend support to the assertion that Smith instigated – by his alleged "proxy," Landrith – a criminal investigation, inasmuch as the Landrith Affidavit makes no mention of or reference to any criminal proceedings involving the Plaintiff, nor of any action of Smith relating to the commencement of any criminal investigation of the Plaintiff.

13. Further still, to the extent that the Plaintiff is asserting some sort of constitutionally-protected right to be free from selective prosecution[7] – which appears to be his only "right" asserted in the Amended Complaint – this also fails. In this Circuit, a claim for selective prosecution would require that the Plaintiff "prove that (1) [it] was singled out for prosecution from among others similarly situated and (2) that [the] prosecution was improperly motivated,

---

[6] To the extent necessary, advisable and appropriate, Smith requests that the Court take judicial notice of the Landrith Affidavit filed in 13-cv-00314.

[7] Alternatively, the Plaintiff may be seeking recovery based on a conspiracy to commit the common law tort of malicious prosecution. Under District of Columbia law, there are four elements to the tort of malicious prosecution: (1) termination of the underlying suit in plaintiff's favor; (2) malice on the part of the defendant; (3) lack of probable cause for the underlying suit; and (4) special injury occasioned by plaintiff as a result of the original action. *Morowitz v. Marvel*, 423 A.2d 196, 198 (D.C.1980). The Plaintiff here has not alleged element 3 or 4, nor has he alleged that the Prosecutor, as opposed to Smith, acted with malice in regard to element 2.

i.e., based on race, religion or another arbitrary classification." *United States v. Washington*, 705 F.2d 489, 494 (D.C.Cir. 1983). The burden in the context of such a claim is substantial, because, "in the absence of clear evidence to the contrary, courts presume that [government prosecutors] have properly discharged their official duties." *United States v. Armstrong*, 517 U.S. 456, 464, 116 S.Ct. 1480, 134 L.Ed.2d 687 (1996)(internal quotation marks and citation omitted). Assuming that the Plaintiff can establish that he was "singled out," he cannot establish that he is the victim of an improperly motivated prosecution based on race, religion or another arbitrary classification, nor that he was treated differently from other similarly situated individuals. *Attorney Gen. v. Irish People, Inc.*, 684 F.2d 928, 946 (D.C.Cir.1982); see also *United States v. Hastings*, 126 F.3d 310, 315 (4th Cir. 1997). Nothing in the Amended Complaint supports the contention, explicit or implicit, that the Plaintiff was selectively prosecuted by virtue of his membership in any particular class or group. His assertion is, instead, that he was selectively prosecuted as a means of "retaliation" against him. That is not selective prosecution, as defined, in this Circuit, and the assertions in the Amended Complaint do not support the finding that a legitimate claim exists in the Plaintiff's favor. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). This Amended Complaint does not meet this most basic test.

    14. It is abundantly clear that there are no valid, recognizable claims of the Plaintiff against Smith embodied in this Amended Complaint, after deducting the portions struck and considering only the portions remaining, the nature of the capacity in which Smith has been sued, the substance and context of the allegedly wrongful acts of Smith, and the absence of

relevancy between the core piece of evidence referenced, relied upon and offered by the Plaintiff as the genesis of his entitlement to relief Landrith Affidavit) and the dearth of allegations set forth therein against Smith himself.

15.  Dismissal of this Civil Action, with prejudice – and imposition of sanctions as sought in the first motion to dismiss this Civil Action (Docket #13; July 14, 2016) – is warranted and justified, under Rule 12(b)(6) and or Rule 56, or otherwise.

WHEREFORE, Smith respectfully requests that the Court enter an Order:

1.  Granting this Motion;

2.  Dismissing this Civil Action with prejudice;

3.  Imposing such sanctions, including monetary sanctions and other and further limitations on the ability of Yelverton to prolong litigation of this matter by appeal or collateral attack on such an order; and

4.  Granting to Smith such other and further relief as is just and proper.

Dated:  October 19, 2016				Respectfully submitted,

*/S/ Jeffrey M. Sherman*
Jeffrey M. Sherman, DC Bar 348896
LAW OFFICES OF JEFFREY M. SHERMAN
1600 N. Oak Street, Suite 1826
Arlington, VA 22209
(703) 855-7394
jeffreymsherman@gmail.com
Attorneys for Smith, Defendant

## **CERTIFICATE OF LCvR 7(m) CONFERENCE**

I hereby certify that no conference took place with respect to this Motion inasmuch as LCvR 7(m) does not apply to this Motion, which is not a non-dispositive motion.

                                                   */S/ Jeffrey M. Sherman*
                                                   Jeffrey M. Sherman

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing, was served on October 19, 2016, on the following parties:

Stephen Thomas Yelverton
3033 Wilson Boulevard
Suite E-117
Arlington,, VA 22201
Fax: (202) 403-3801
***by electronic mail transmission***

                                                  */S/ Jeffrey M. Sherman*
                                                  Jeffrey M. Sherman