LEAVE TO FILE GRANTED
*/s/ C.R. Cooper* 3/17/17

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Stephen Thomas Yelverton, *Pro Se* ) | |
| Plaintiff ) | |
| ) | Case No. 1:15-cv-00552-CRC |
| v. ) | |
| ) | |
| Kirk Callan Smith, Esq. ) | |
| Defendant ) | |

MOTION TO ALTER OR AMEND PER FRCP RULE 59 (e)

COMES NOW, Plaintiff Stephen Thomas Yelverton, *Pro Se*, pursuant to FRCP, Rule 59 (e), and timely requests that the Memorandum Opinion and Order, entered February 14, 2017, at Docket No. 33, be altered or amended. If required, leave is requested to submit this Motion. As demonstrated below, there is "good cause" for leave to be granted. The Order is based upon "clear errors of law" that would change the result, both procedurally and substantively, and where the Plaintiff has had no opportunity to previously challenge these errors of law. Freeman v. Fallin, 310 F.Supp.2nd 11, 14 (D.D.C. 2011), now 28 days to file a Rule 59 motion.

(a) Violation of FRCP Rule 58 (a)

1. The Order has no separate document or judgment, as required by FRCP, Rule 58 (a). The entry of a separate document sets the time for filing an appeal. Where there is no separate document, a party may make a request for entry under FRCP, Rule 58 (d).

(b) Other Procedural Deficiencies

2. The Order is procedurally deficient in other significant respects. It fails to clearly specify what exact portions of the Amended Complaint were stricken. Even the Defendant was confused as to this matter. See, Motion to Dismiss, at p. 1, entered October 19, 2016, at Docket No. 31. With such confusion, the Order is ineffective.

1

RECEIVED
Mail Room
MAR 15 2017
Clerk of Court

3. The <u>Order</u> moreover fails to specify whether its action are based upon FRCP, Rule 12 (b)(1) or Rule 12 (b)(6). Each of the rules relies upon different legal standards, which could have different results. With such confusion, the <u>Order</u> is ineffective.

(c) <u>The Order improperly makes its own factual findings</u>

4. The <u>Order</u>, at p. 5, improperly makes its own factual findings that:

" …clearly, to the extent Fox encouraged a private individual to file a criminal complaint with law enforcement officers, he was acting in his individual capacity, not in his official capacity as D.C. bar counsel."

5. However, under FRCP, Rule 12 (b)(6), the District Court must accept as true the factual allegations in the Amended Complaint, at para. 9, that Fox was acting in his official capacity, which are supported by the Affidavit of Rebecca Landrith, executed June 8, 2012, and attached to both the Amended Complaint and the Motion to Dismiss. <u>Jack's Canoes & Kayaks, LLC v. N.P.S.</u>, 937 F.Supp.2d 18, 27 (D.D.C. 2013).

6. If this factual finding was made under FRCP, Rule 12 (b)(1), it is also improper. Where jurisdictional facts as to subject-matter are inextricably intertwined with facts as to the merits, they are to be treated as motions for summary judgment, with discovery, or heard at trial. <u>Loughlin v. U. S.</u>, 230 F.Supp.2d 26, 36-37 (D.D.C. 2002). In the case of Smith, both jurisdiction and merits are based upon 42 U.S.C. 1983 and underlying facts.

(d) <u>The Order makes unfounded legal conclusions</u>

7. The <u>Order</u>, at p. 4, notes it is "…unclear … whether filing a bar complaint is constitutionally protected activity," but then goes on to make the legal conclusion, at p. 5, that the Plaintiff "has not plausibly shown that he was deprived of a federally guaranteed right," However, if it is <u>not</u> clear that Plaintiff filing a bar complaint against Smith is federally protected, there is <u>no</u> lawful basis to deny the Plaintiff's claims.

2

8. The <u>Order</u> overlooks that under the United States Constitution, Article I, Section 8, the Congress has <u>exclusive</u> legislative authority over the District of Columbia, as the seat of the Federal government. Thus, all laws and regulations in the District of Columbia are Federal in origin. But, this is a matter to be determined on the merits by summary judgment or at trial.

9. The <u>Order</u>, at p. 3, moreover makes the unfounded legal conclusion that any claim of "retaliation" must only be based upon a criminal indictment.

## Conclusions

WHEREFORE, in view of the foregoing, it is requested that the <u>Order</u>, entered February 14, 2017, be altered or amended by vacating it as contrary to law.

This the 14th day of March, 2017,

Respectfully submitted,

Stephen Thomas Yelverton, *Pro Se*,
3033 Wilson Blvd., #E-117
Arlington, VA 22201
Tel. 202-702-6708 (mobile)
E-Mail styelv@aol.com

## CERTIFICATE OF SERVICE

I, Stephen Thomas Yelverton, *Pro Se*, hereby certify that a copy of this Motion to Alter or Amend was served the 14th day of March, 2017, by U.S. Mail, First Class, postage pre-paid, or by e-mail to the following:

Jeffrey M. Sherman, Esq.
1600 N. Oak St., Suite 1826
Arlington, VA 22209
Counsel for Kirk Callan Smith, Esq.
jeffreymsherman@gmail.com

Stephen Thomas Yelverton, *Pro Se*

3

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Stephen Thomas Yelverton, Pro Se | ) | |
| | ) | Case No. 1:15-cv-00552-CRC |
| Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Kirk Callan Smith, Esq. | ) | |
| | ) | |
| Defendant | ) | |

ORDER

UPON CONSIDERATION of the Plaintiff's Motion to Alter or Amend, filed March 14, 2017, and the responses thereto. IT IS HEREBY ORDERED that the Motion is GRANTED, and Order, entered February 14, 2017, is vacated, and a new Order will be issued that is in accordance with FRCP, Rule 12 (b)(1) and (6), and Rule 56.

This the _____ day of March, 2017,

_____
Christopher R. Cooper, United States District Judge

Copies to:

Stephen Thomas Yelverton, Pro Se,
3033 Wilson Blvd., # E-117
Arlington, VA 22201

Jeffrey M. Sherman, Esq.
Law Offices
1600 N. Oak Street, Suite 1826
Arlingtron, VA 22209
Counsel for Kirk Callan Smith, Esq.

2